UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BROADBASED EQUITIES, on behalf of
itself and all others similarly situated,

    Plaintiff,

v.                                                      Case No. 8:09-cv-2473-T-26TBM

KEITH OLSEN, WILLIAM LUBY,
KATHLEEN EARLEY, GEORGE KELLY
ARTHUR MATIN, G. MICHAEL SIEVERT,
MICHAEL SILECK, M. ALEX WHITE,
SWITCH & DATA FACILITIES COMPANY,
INC., and EQUINIX, INC.

    Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

        Defendants Keith Olsen, William Luby, Kathleen Earley, George Kelly, Arthur Matin, G. Michael Sievert, Michael Sileck, M. Alex White, and Switch & Data Facilities Company, Inc. (collectively the "Switch & Data Defendants") and Equinix, Inc. ("Equinix") (collectively, the "Defendants") hereby jointly file their Opposition to Plaintiff's Emergency Motion for Limited Expedited Depositions in Aid of its Forthcoming Motion for a Preliminary Injunction ("Emergency Motion for Expedited Discovery") (Dkt. 7).

**I.    INTRODUCTION**

        This is a putative class action brought pursuant to Section 14 of the Securities Exchange Act of 1934 ("Securities Exchange Act") and Delaware law challenging the proposed acquisition of Switch & Data by Equinix for approximately $689 million that was announced on October 21, 2009 ("Proposed Acquisition"). Plaintiff is not entitled to

discovery – expedited or otherwise – at this stage of the litigation because this action is subject to the automatic discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Plaintiff has failed to comply with numerous other mandatory requirements under the Act.

Moreover, there is certainly no need for expedited discovery here because any exigency that exists is entirely of Plaintiff's own making. Nearly one month ago, on December 7, 2009, Plaintiff asked Defendants to consent to expedited discovery; Defendants refused the same day. More than two weeks ago, on December 21, 2009, the definitive proxy was mailed to Switch & Data shareholders. Inexplicably, Plaintiff did not file this motion until <u>several months</u> after the Proposed Acquisition was announced, <u>four weeks</u> after Defendants stated they would not consent to expedited discovery, and <u>two weeks</u> after the announcement of the date of the meeting at which Switch & Data shareholders would vote on the Proposed Acquisition. Now, with only a few weeks until the January 29, 2010 shareholder vote, Plaintiff improperly claims that an "emergency" exists warranting the requested relief. Any purported "emergency," has been manufactured by Plaintiff.

Plaintiff should not be rewarded for its dilatory conduct with the requested extraordinary relief when, like other experienced counsel who also seek to represent the purported class, it could have filed a motion in the normal course for the discovery it now seeks.[1] Thus, Plaintiff's failure to move for discovery in a timely fashion also justifies the denial of the instant motion.

---

[1] This lawsuit is not the only one seeking to enjoin the Proposed Acquisition, nor is it the most advanced. After the Proposed Acquisition was announced, other plaintiffs filed a lawsuit in Delaware state court on November 4, 2009, and in Florida state court on November 10, 2009, making Plaintiff's complaint, filed weeks later on December 4, 2009, the last to the courthouse. Moreover, the plaintiff in the Florida state court action, who is (…continued)

II.  **PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE IT IS BARRED BY THE PSLRA DISCOVERY STAY AND PLAINTIFF'S OWN VIOLATIONS OF THE PSLRA'S LEAD PLAINTIFF PROVISIONS.**

Although Plaintiff seeks to state a federal securities law Section 14 claim, it ignores mandatory provisions of the PSLRA which ensure, among other things, that (1) the legal sufficiency of federal securities class action complaints are sustained before costly discovery ensues, and (2) that such actions are brought by adequate plaintiffs.  In 1995, Congress enacted the PSLRA to curtail "abusive and manipulative securities litigation," including frivolous or meritless class actions.  In re Countrywide Financial Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); Riley v. Merrill Lynch, 292 F.3d 1334, 1341 (11th Cir. 2002) (PSLRA was "designed to enable securities defendants to obtain early dismissal of frivolous actions, and thereby avoid the high expense of discovery").  One provision in the PSLRA, designed to accomplish that goal, requires a mandatory discovery stay until the legal sufficiency of the complaint has been established:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . .

15 U.S.C. §78u-4(b)(3)(B).  In light of the mandatory stay, Plaintiff is not entitled to any discovery at this time.

The PSLRA also incorporates other requirements, including the lead plaintiff certification, notice and appointment provisions ("Lead Plaintiff Provisions"), which are

---

(continued…)
litigating claims that are very similar to those raised here, promptly served discovery requests on the Defendants in November 2009, to which the Defendants have responded in the normal course. Although, as part of confidential settlement discussions, the Switch & Data Defendants provided the Plaintiff here with a limited number of documents that were responsive to the discovery requests in the Florida state court action, the Defendants have consistently maintained that it is not entitled to any expedited discovery.

intended to curtail lawyer-driven securities litigation by ensuring that a Court-appointed lead plaintiff, who has a meaningful and significant stake in the adjudication of the claims, will assume control over the case.[2]  15 U.S.C. §78u-4(a); see also H.R. Conf. Rep. 104-369, at 32-35 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 731-34; In re USEC Sec. Litig., 168 F. Supp. 2d 560, 564 (D. Md. 2001) ("This information is required so that the court may be assured that the named plaintiff has suffered more than a nominal loss, is not a professional plaintiff, and is otherwise interested and able to serve as a class representative."); Burke v. Ruttenberg,, 102 F. Supp. 2d 1280, 1304-09 (N.D. Ala. 2000) (finding that intent behind PSLRA provisions was to eliminate race to courthouse by professional plaintiffs and to curtail filing of counsel-driven securities class actions).  Plaintiff's failure to adhere to the mandatory provisions of the PSLRA provides an independent basis for denial of its application.

  a.  Plaintiff's Action is Subject to the PSLRA's Mandatory Discovery Stay

Although Plaintiff's claim here is clearly subject to the PSLRA's provisions,[3] it argues that it should be entitled to depose two of the Defendants because it has established an exception to the discovery stay.  There are two narrow exceptions to the PSLRA's discovery stay.  To trigger one of these exceptions, the moving party must demonstrate that

---

[2] Because Plaintiff has not filed the required certification, neither the Court nor the parties has any way of knowing whether Plaintiff has any stake in the litigation, much less how significant.  See infra at II.b.

[3] Plaintiff admits as much in its Motion by arguing that an exception to the PSLRA stay is warranted. Emergency Motion for Expedited Discovery at 17-18.  Furthermore, the plain language of the PSLRA clearly encompasses any purported action, like the one here, that asserts a claim under the Securities Exchange Act.  15 U.S.C. § 78u-4(b); see also Beck v. Dobrowski, 559 F.3d 680, 682 (7th Cir. 2009) (holding that 15 U.S.C. § 78u-4(b), which applies to "any private action arising under this Act," governs Section 14(a) claims).  Likewise, Plaintiff's state law claims "are subject to the PSLRA stay, which applies to state law claims over which the Court has asserted 28 U.S.C. § 1367 supplemental jurisdiction." In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d at 1180.

"particularized discovery is necessary to (1) preserve evidence or (2) to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (enumeration added). In this case, Plaintiff contends the discovery stay should be lifted because it will be unduly prejudiced without the "opportunity to utilize the material obtained during the depositions to prepare and present a motion for preliminary injunction" before the January 29, 2010 shareholder vote. Emergency Motion for Expedited Discovery at 4.

Such an argument turns the PSLRA – which plainly forbids such fishing expeditions – on its head.

> The express purpose of the PSLRA is to prevent plaintiffs from engaging in discovery to find a basis for a sustainable claim. Discovery in securities . . . cases is, except in rare circumstances, permitted only <u>after</u> plaintiffs have met the pleading standards of the statute. Plaintiffs' inability to meet the statutory pleading standards therefore cannot constitute 'undue prejudice' excusing normal operation of the statute.

<u>In re Spectrum Brands, Inc. Sec. Litig.</u>, No. 1:05-cv-02494-WSD, 2007 WL 1483633, * 18 (N.D. Ga. May 18, 2007) (emphasis in original); <u>see also</u> <u>Riley</u>, 292 F.3d at 1341 n. 11 (The PSLRA provides "for a mandatory stay of discovery to allow district courts, <u>prior to discovery</u>, to determine the legal sufficiency of claims brought in securities class actions.") (emphasis added); <u>In re PetSmart, Inc. Sec. Litig.</u>, 61 F. Supp. 2d 982, 988 (D. Ariz. 1999) (In federal securities actions, "plaintiffs must clear additional hurdles at the pleading stage before they are given access to the tools of discovery"); <u>In re Marvell Tech. Group Ltd. Derivative Litig.</u>, No. C-06-03894 RMW, 2007 WL 1545194, *2 (N.D. Cal. May 29, 2007) ("[T]he discovery stay is in effect until resolution of the defendants' forthcoming motions to dismiss, unless plaintiffs can show the stay will lead to destruction of evidence or cause them 'undue prejudice.'"); <u>In re Countrywide Fin. Corp. Derivative Litig.</u>, 542 F. Supp. 2d at 1179

("[W]here the PSLRA stay applies, no discovery, expedited or otherwise, may occur prior to the resolution of the motion to dismiss.").

Plaintiff's complaint (and any anticipated motion for preliminary injunction) must stand or fall based on information Plaintiff obtained on its own accord, rather than when supplemented by information obtained through discovery. Medhekar v. U.S. Dist. Ct., 99 F.3d 325, 328 (9th Cir. 1996) ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than the information produced by the defendants after the action has been filed."). Because Plaintiff is not legally entitled to any discovery before Defendants' motions to dismiss are resolved, there can be no prejudice to it for not being allowed to conduct the depositions it now seeks. See e.g., SG Cowen Sec. Corp. v. U.S. Dist. Court, 189 F.3d 909, 913 (9th Cir. 1999) ("[F]ailure to muster facts sufficient to meet the [PSLRA's] pleading requirements cannot constitute the requisite 'undue prejudice' to the plaintiff justifying a lift of the discovery stay under [the PSLRA]."); Zisholtz v. Suntrust Banks, Inc., No. 1:08-CV-1287-TWT, 2009 WL 3132907, *7 (N.D. Ga. Sept. 24, 2009) (upholding PSLRA stay of discovery where plaintiffs moved to lift stay but failed to meet "their heavy burden of showing undue prejudice . . ."). Having failed to demonstrate any exception to the PSLRA discovery stay, the stay controls and Plaintiffs' Emergency Motion for Expedited Discovery must be denied. See In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d at 1180 (denying motion for expedited discovery where action was subject to PSLRA stay of discovery and plaintiffs failed to show applicable exception).

b. Plaintiff Has Failed to Comply with PLSRA's Lead Plaintiff Provisions

The PSLRA's Lead Plaintiff Provisions impose mandatory obligations upon "[e]ach plaintiff seeking to serve as a representative party on behalf of a class" and an orderly process to ensure that the class is represented by a party with a significant stake in the alleged claims. 15 U.S.C. § 78u-4(a)(1)(2)(A). Any plaintiff filing a purported class action complaint alleging federal securities violations must first file "with the complaint" a sworn certification "personally signed by such plaintiff" that attests to certain facts about the plaintiff, its ownership of the affected securities, its securities transactions, and its involvement in the suit. Id. In addition, the plaintiff is required, within 20 days of filing the complaint and certification, to publish a notice in "a widely circulated national business-oriented publication or wire service" that advises potential class members of the action, the claims asserted, the class period, and the date upon which putative class members may move to seek appointment as lead plaintiff. Id. at § 78u-4(a)(3)(A).

Once such notice is published, putative class members have 60 days to move for appointment as lead plaintiff, and the Court has 90 days to appoint the "most adequate plaintiff" from among any competing movants. Id. at § 78u-4(a)(3)(B)(i). This "most adequate plaintiff," subject to the approval of the Court, may select and retain counsel to represent the class. Id. at § 78u-4(a)(3)(B)(vi). These procedures were implemented to, among other things, ensure that: the litigation is "being pursued by the actual plaintiffs, as opposed to nominal or so-called 'professional' plaintiffs" and that the representative plaintiff actually holds stock in the company and has a substantial stake in the litigation. Simply put, under the PSLRA, the first plaintiff to the courthouse is not necessary appointed to represent

the class. In re USEC Sec. Litig., 168 F. Supp. 2d at 564; see also Burke, 102 F. Supp. 2d at 1304-09.

In this case, Plaintiff has simply ignored these mandatory lead plaintiff provisions. Plaintiff has not filed any certification, much less the detailed certification the PSLRA requires, with its complaint. (See Dkt. 1). Moreover, it appears as though Plaintiff has also failed to publish the notice to other potential class members and lead plaintiffs that the PSLRA requires.[4]  In addition, neither Plaintiff, nor any other putative class member has moved for appointment as lead plaintiff, and this Court has not appointed one.  Because of these failures to comply with its obligations under the PSLRA, Plaintiff lacks standing to maintain this class action, much less to seek the extraordinary relief of lifting the applicable discovery stay.  See e.g., In re Select Comfort Corp. Sec. Litig., No. Civ. 99 884 DSD/JMM, 2000 WL 355529101, *13 (D. Minn. Jan. 27, 2000) ("[I]f a class plaintiff has not complied with the requirements set forth by the PSLRA, that plaintiff is without standing to assert claims on behalf of the class."); In re USEC Secs. Litig., 168 F. Supp. 2d at 565 ("The failure of a named plaintiff to file a certification with the complaint and to serve notice to class members is fatal to the maintenance of the putative class action . . .").

Indeed, this Court reached precisely this result on much less severe facts in Grand Lodge of Pennsylvania v. Peters, Case No. 8:01-cv-479-T-26EAJ, (M.D. Fla. June 18, 2007) (opinion attached as Exh. A).  There, two named plaintiffs moved to lift the PSLRA discovery stay after actually having made their certifications, published notice, and moved for lead plaintiff appointment in accord with the Act.  This Court nonetheless declined to lift

---

[4] Defendants' extensive searches of public records, including search engines, wire services, and Plaintiff's counsel's websites, have revealed no notice by Plaintiff to comply with the PSLRA's notice provisions.

the stay because, among other reasons, the named plaintiffs had not yet been appointed lead plaintiffs under the PSLRA. The Court reasoned that "the proposed lead Plaintiffs lack standing at this juncture of the proceedings to request a lifting of the stay inasmuch as the Court has yet to decide whether they will be designated the lead Plaintiffs in these cases." Id. at 2. Because the same reasoning applies here – and all the more so, in light of the Plaintiff's utter failure to comply with its obligations under the PSLRA – the instant motion should be denied.

### III. PLAINTIFF HAS FAILED TO SHOW GOOD CAUSE FOR EXPEDITED DISCOVERY

Even if the Court were to overlook the applicable PSLRA provisions that Plaintiff has disregarded, there has been no adequate showing here that Plaintiff is entitled to the expedited discovery it now requests. When a party seeks discovery before the Rule 26(f) conference, the moving party must, at a minimum, "show good cause for departing from the usual discovery procedures."[5] Nassau Terminals, Inc., v. M/V Bering Sea, 1999 WL 1293476, at *1 (M.D. Fla. 1999); see also Platinum Mf'g Int'l, Inc., 2008 WL 927558, at * 4.

Rather than demonstrating the necessary "good cause" to depart from normal discovery procedures, the facts here show that Plaintiff sat on its hands such that its claims of a so-called "emergency" and the purported "need" for expedited discovery ring hollow. Nearly one month ago, on December 7, 2009, Plaintiff asked counsel for Equinix whether Equinix would consent to expedited discovery. That same day, counsel for Equinix indicated

---

[5] Some courts have required the moving party to make a more stringent showing, similar to that required in a motion for a preliminary injunction. See, e.g., Platinum Mf'g Int'l, Inc. v. Uninet Imaging, Inc., 2008 WL 927558, at * 4 (M.D. Fla. April 4, 2008) (collecting cases applying the heightened standard, but finding it unnecessary to reach the question of whether that standard applied in the Middle District of Florida, where plaintiff failed to make the lesser "good cause" showing).

that Equinix would not consent. Following that conversation, Plaintiff made no effort to notice any depositions or to move to compel discovery. Nor did Plaintiff stir after the definitive proxy was mailed to Switch & Data shareholders over two weeks ago on December 21, 2009.

Now, at the eleventh hour before the shareholder vote, Plaintiff suddenly claims that, an "emergency" exits and expedited discovery is appropriate. Plaintiff is wrong. It cannot manufacture an "emergency" and the "need" for expedited discovery from its own dilatory conduct. See e.g. Tradex Global Master Fund v. Palm Beach Capital, Case No. 09-21622-CIV-MORENO/TORRES, (S.D. Fla. Aug. 20, 2009) (finding that motion for expedited discovery was not an emergency and noting that "[r]arely, if ever, is a discovery dispute an emergency") (opinion attached as Exh. B); Berry v. Sassy, Inc., No. 6:05-cv-1332-ORL-31KRS, 2006 WL 3404814, *1 (M.D. Fla. Nov. 24, 2006) (denying emergency motion to assert counterclaim where defendant unduly delayed advancing right and "has not offered a satisfactory explanation for the delay . . . in filing its emergency motion once it was in possession of [information putting it on notice of potential counterclaim]").

Plaintiff is simply asking the Court to expedite the deadlines under the Federal Rules of Civil Procedure when it could have eliminated any purported "emergency" by moving earlier to conduct the requested depositions in the normal course. This is not an appropriate use of an emergency motion. Mazur v. Lampert, No. 04-61159-CIV, 2007 WL 676096, at *1 (S.D. Fla. Feb. 28, 2007) (finding that attempt to take "more discovery than is ordinarily permitted" is not appropriately raised via an emergency motion). Moreover, Plaintiff has failed to allege any good cause to justify the cost and burden that the requested expedited discovery would subject on Defendants. See Pearce v. Southeast Banking Corp., 97 F.R.D.

10

535, 537 (S.D. Fla. 1983) (in denying motion for expedited discovery where shareholder meeting was fast approaching court found that "expedited discovery might work a great hardship on Defendants, requiring them to present themselves for deposition on very short notice").

WHEREFORE for the reasons set forth herein, Defendants respectfully request that the Court enter an Order denying Plaintiff's Emergency Motion for Expedited Discovery.

| | |
|---|---|
| Dated: January 11, 2010 | Respectfully submitted: |
| HOLLAND & KNIGHT LLP | CARLTON FIELDS, P.A. |
| /s/ Louise McAlpin | /s/ Samuel J. Salario, Jr. |
| Louise McAlpin (FBN: 983810)<br>Mara Aronson Geronemus (FBN: 019086)<br>701 Brickell Avenue<br>Suite 3000<br>Miami, FL 33131<br>Telephone: (305) 374-8500<br>Facsimile: (305) 789-7799<br>E-mail: louise.mcalpin@hklaw.com<br>       mara.geronemus@hklaw.com | Samuel J. Salario, Jr. (FBN: 083460)<br>Kevin P. McCoy (FBN: 036225)<br>4221 W. Boy Scout Boulevard, Suite 1000<br>Tampa, FL 33607<br>Telephone: (813) 223-7000<br>Facsimile: (813) 229-4133<br>E-mail: ssalario@carltonfields.com |
| Michael Chapman (FBN: 843555)<br>100 North Tampa Street, Suite 4100<br>Tampa, FL 33602<br>Telephone: (813) 227-8500<br>Facsimile: (813) 229-0134<br>E-mail: michael.chapman@hklaw.com | Neal A. Potischman<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212)450 4000<br>Facsimile: (212) 701-5800 |
| *Counsel for Defendants Keith Olsen, William Luby, Kathleen Earley, George Kelly, Arthur Matin, G. Michael Sievert, Michael Sileck, M. Alex White, and Switch & Data Facilities Company, Inc.* | *Counsel for Defendant Equinix, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2010, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for electronic Filing in Civil and Criminal Cases of this Court by using CM/ECF system which will send a notice of electronic filing and complete service on those of the following listed individuals who are registered electronic filers:

Julie Prag Vianale
Kenneth J. Vianale
Vianale & Vianale LLP
2499 Glades Road, Suite 112
Boca Raton, FL  33431

With a copy by U.S. Mail to:

Richard B. Brualdi
The Brualdi Law Firm, P.C.
29 Broadway, 24th Floor
New York, NY  10006

                                            /s/  Louise McAlpin
                                            Louise McAlpin

# 9095502_v1