# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21622-CIV-MORENO/TORRES

TRADEX GLOBAL MASTER FUND SPC LTD.,
THE ABL SEGREGATED PORTFOLIO 3,
and TRADEX GLOBAL MASTER FUND
SPC LTD., THE ORIGINAL SEGREGATED
PORTFOLIO 3, on behalf of themselves
and all others similarly situated,

                Plaintiffs,

vs.

PALM BEACH CAPITAL MANAGEMENT, LLC,
ADMIRAL ADMINISTRATION LTD., KAUFMAN,
ROSSIN & CO. (CAYMAN), KAUFMAN, ROSSIN
& CO., BRUCE F. PREVOST and DAVID W.
HARROLD,

                Defendants.
_____/

## ORDER

This matter is before the Court on an emergency basis upon a purported "Emergency Motion" [D.E. 39, 40] filed by Plaintiffs, Tradex Global Master Fund SPC Ltd., the ABL Segregated Portfolio 3, and Tradex Global Master Fund SPC Ltd., the Original Segregated Portfolio 3 (collectively, "Plaintiffs"), requesting (i) expedited discovery from Defendants Palm Beach Capital Management, LLC, Bruce F. Prevost, and David W. Harrold (collectively, the "Palm Beach Defendants") and Admiral Administration Ltd. ("Admiral") (all together "Defendants"), to respond to factual issues raised by Defendants in their motions to dismiss the complaint; and (ii) an

extension of time, to expire two weeks after the requested discovery is complete, to respond to those motions.

### ***Emergency Designation***

Because this matter was filed as an Emergency Motion, under S.D. Fla. Local R. 7.1.E, the matter was first assigned by the Clerk of the Court to the Emergency Duty Judge, Judge Martinez. Chambers for the Presiding Judge, Judge Moreno, were also alerted as to the filing of this certified "Emergency." The motion was then forwarded to the undersigned Magistrate Judge, again on an emergency basis, for immediate disposition based on an existing Order of Reference as to other motions to dismiss and a second Order of Reference that will soon follow.

Consequently, the Court has now thoroughly reviewed the motion, searching in vain for any good cause why the motion required emergency treatment. No cause was found. To the contrary, the motion's *only* basis for emergency treatment, found in footnote 4, is that the underlying motions to dismiss were filed *last week* and Plaintiffs' response is due in only *eleven days* (August 31, 2009). Plaintiffs summarily conclude that these facts, and the need to obtain the discovery required to prepare their response, "amply" constitute good cause for emergency treatment under Local Rule 7.1.E.

To compound the problem, the certification of emergency filed with the Clerk of the Court [D.E. 41] was filed by someone named "Gerald T. Monaghan," who is strangely not counsel of record yet is filing a certification to the court in this case. Further inquiry revealed that Gerald T. Monaghan does not even appear to be a lawyer

admitted to the Florida Bar. Thus, on this record, it appears that counsel's necessary certification under the Court's rules was never filed, given that we have no clue who Gerald T. Monaghan is.

The Court's Local Rules are clear. A party seeking emergency treatment, which triggers special internal court procedures designed to address true emergencies, must certify that good cause exists to justify that type of treatment. S.D. Fla. Local R. 7.1.E. The absence of good cause in this motion is glaring. The need for expedited discovery may be legitimate, as would be a request for extension. To claim, however, that it is an emergency for a party to have to respond in *eleven days* to a motion to dismiss, even one that – shockingly – raises "fact issues" is hardly tantamount to a true emergency.

The Court could, of course, simply strike the emergency designation and move on to other things. This record, however, cries out for further attention. The fact is that counsel for Plaintiffs in this case have been previously advised by the Court not to designate perfunctory discovery matters as emergencies. Rarely, if ever, is a discovery dispute an emergency. Thus, the Court struck an emergency designation in another securities case filed in this District, *Mazur v. Lampert,* 04-61159-Civ-Lenard/Torres, 2007 U.S. Dist. Lexis 13934 (S.D. Fla. Feb. 28, 2007) (striking emergency designation for motion to take in excess of ten depositions).

Despite that experience, Plaintiffs' counsel appears to have improperly designated a discovery request and a motion for extension of time as an emergency matter with no basis whatsoever. For instance, in reviewing the motion one looked to see if a necessary witness was on his deathbed or about to leave the country for an

Antarctic year-long expedition, which would theoretically justify an emergency deposition. No such justification was found in the motion. Why, then, would anyone "certify" this matter as an emergency? The Court cannot see any good faith basis for such a designation in this matter. And to boot, why would the certification for such a faux emergency be filed by someone who is not counsel of record, who is not admitted to the Southern District of Florida, who is not admitted to the Florida Bar based upon the public records available to the Court, and who may not even be a lawyer at all?

Accordingly, the emergency designation is stricken. But in addition, the Court hereby issues this ORDER TO SHOW CAUSE why sanctions should not be imposed. "Gerald T. Monaghan" is ORDERED to file an affidavit within three business days that sets forth (a) who he is, (b) who he works for, (c) whether he is a lawyer or has ever been a lawyer, (d) who directed him to file this certification from Plaintiffs' counsel's office, and (e) what facts were known to him that gave him cause to "certify" to this Court that this matter required emergency treatment.

Moreover, all counsel who signed the pending Motion itself shall also file affidavits and a written response to this Order to Show cause that addresses these issues and sets forth reasons why sanctions should not be imposed. Counsel shall include in the response all instances known to counsel where an emergency designation they filed in the Southern District of Florida was stricken or criticized by the Court.

### *Expedited Consideration of Motion*

With that issue disposed of, we turn to the merits of a motion that should simply have been filed in the normal course. The Court's expedited review of the motion

reveals little merit to the underlying relief requested. As with all similar motions filed in this District or any federal court in the country, the presence of factual issues in response to a motion to dismiss based upon venue or jurisdiction issues does not require any unique procedures. The response should simply designate what those factual issues are, attach declarations or affidavits that rebut those facts addressed in the motion, and if necessary request additional relief before final adjudication. It is not at all clear to the Court why that straightforward process was impossible in this case.

The Court thus cannot grant the request for expedited discovery at this stage of the proceedings because it is not yet at all clear to the Court what factual issues truly require discovery before final adjudication is possible. The Court can make that determination after reviewing a thorough factual response to the motions, the sworn declarations or affidavits filed in opposition to the motions, and any renewed request for additional discovery based upon the factual conflicts that are presented.

The arguments for an indefinite extension to the response, pending expedited discovery, are also quite unpersuasive. The Court finds no good cause to indefinitely postpone the filing of a proper response to these motions to dismiss, which in fact will likely include many of the same arguments and authorities already included in this pending motion. To the extent that supplemental briefing is necessary to address the results of any discovery that is ultimately required in connection with this matter, the Court in the normal course would permit such a procedure if cause truly exists to do so. No such finding can be made at this stage.

Therefore, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Motion for Expedited Discovery [D.E. 39, 40] is **DENIED** without prejudice for reconsideration of the issue following the filing of the response Ordered herein.

2. Plaintiffs' Motion for Extension of Time [D.E. 39, 40] to file a response to the motions to dismiss is **DENIED**. Plaintiffs are Ordered to file their response to the motions to dismiss by August 31, 2009. No extensions shall be granted.

3. Plaintiffs and their counsel or agents shall fully comply with and respond to the Order to Show Cause incorporated herein within three business days.

**DONE AND ORDERED** in Miami, Florida, this 20th day of August, 2009.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge